ARMOUR & CO. v. BOWLES, Price Adm'r.

No. 96.

United States Emergency Court of Appeals.
Heard at New York City Dec. 2, 1943.

Decided Dec. 14, 1943.

Donald R. Richberg, of Washington, D. C., and George E. Leonard, Jr., of Chicago, Ill., for complainant.

Jacob D. Hyman, Atty., Henry M. Hart, Jr., Acting Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Carl H. Fulda, Atty., and John J. Downey, Jr., Atty., all of the Office of Price Administration, all of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

PER CURIAM.

The earlier history of this case is set forth in our opinion in Armour & Co. v. Brown, 1943, 137 F.2d 233, 240. Upon consideration of the record then before us and the conceded facts, we were unable to understand how the reasons advanced by the Administrator for denying the protests had any relevance to the issue of fact properly presented under the adjustment provision in question. Among such reasons was an assertion by the Administrator that Armour was making satisfactory profits on its business as a whole, despite the claimed losses on sales of carcass beef at ceiling prices. As to this, we commented: "Nor can much significance be attached to the point that Armour may still be making a profit in the 'over-all operations' of its ramified business; this in itself, under normal circumstances, would hardly assure the continued production of an item that can only be sold at a loss." We concluded our opinion as follows:

"In view of the foregoing, we think that the orders denying the protests should be set aside and that the three proceedings should be remanded to the Administrator for further consideration by him directed more concretely to the narrow issue involved, namely, whether the maximum prices established by Maximum Price Regulation No. 169 impeded or threatened to impede the production of the commodities in question, and if so, what measure of relief is appropriate under the applicable adjustment provision. If, upon such further consideration, the Administrator should again enter orders denying the protests, in whole or in part, complainant, if it deems itself to be aggrieved thereby, will be entitled to file fresh complaints in this court under § 204(a) of the Act [50 U.S.C.A. Appendix, § 924(a)].

"The orders dated February 13, 1943, March 6, 1943 and March 8, 1943, denying the protests in Nos. 26, 27 and 28, respectively, are set aside, and the three cases are remanded to the Administrator for further proceedings in conformity with this opinion."

Upon reconsideration of the protests in compliance with our mandate, the Administrator developed the argument that Armour is engaged in an integrated multiproduct business; that it derives from the slaughter of cattle not only dressed carcass but also the raw material for hundreds of profitable by-products; that Armour's losses on the sale of carcass beef have really been bookkeeping losses such as it had usually borne in the years prior to price control; that Armour, merely for the sake of eliminating such bookkeep-

496

ing losses, would not be expected to discontinue the slaughter of cattle and thereby deprive itself not only of fresh beef but also of the hundreds of by-products, so long as its over-all profits on the related operations continue at a satisfactory level.

The Administrator incorporated in the record certain data in substantiation of the foregoing, and granted Armour thirty days within which to introduce rebuttal evidence. Armour filed before the Administrator a formal statement declining the opportunity to offer such rebuttal evidence, on the ground that the Administrator in calling for evidence on the issue as above summarized, was not proceeding in conformity with the mandate of this court. On October 18, 1943, the Administrator issued an order denying the protests.

On November 15, 1943, Armour filed the motion now before us, asking us to issue an order in the nature of a writ of mandamus directing the Administrator to proceed in accordance with the mandate of this court and to grant forthwith the relief sought by complainant in its protests. At the same time, Armour, to safeguard its rights, filed in this court a new complaint against the order of October 18, 1943, denying its protests for the second time.

The two concluding paragraphs from our earlier opinion, quoted above, clearly enough indicate that we did not order the Administrator to grant the substantive relief demanded in the protests. The proceedings were recommitted to him for further consideration focussed more sharply on the issue as we formulated it. At the present stage we are not called upon to decide whether the Administrator was justified in denying the protests. It is enough to say that under our mandate the argument which he advanced upon reconsideration of the protests was open to him to make. Its merits will be considered by us when Armour's new complaint comes before us for hearing.

Since Armour failed to offer rebuttal evidence before the Administrator due to its misunderstanding of the effect of our previous opinion, we shall regard such failure as excusable and will entertain an application by Armour, if it is so advised, for leave to introduce additional evidence, under Rule 18, 50 U.S.C.A. Appendix, following section 924.

The motion for an order in the nature of a writ of mandamus is denied.